DECISION AND JUDGMENT ENTRY
{¶ 1} Linda A. Johnson nka White appeals the trial court's decision to deviate from the child support guidelines as an abuse of discretion. She also argues that the court failed to comply with the proper statutory procedures when calculating the deviation amount. Because the court set forth sufficient facts to justify its finding that appellee was entitled to a deviation, it did not abuse its discretion. Moreover, the court complied with the statutory procedure when determining the amount of the deviation. However, because the court's judgment entry contains an apparent mathematical error, we reverse and remand the trial court's judgment on that limited basis.
 {¶ 2} Appellant and appellee agreed to all matters governing their divorce, except child support. Appellee sought a deviation from the child support guidelines based upon an agreement he made in a prior divorce action with a former spouse to pay for their children's higher education expenses. That agreement was incorporated into appellee's prior divorce decree.
 {¶ 3} The court subsequently determined that appellee was entitled to a weekly $50 deviation from the child support guidelines. Its entry recited that the court accepted appellant's proposed child support worksheet that showed weekly child support in the amount of $177.40 and then ordered weekly child support in the amount of $107.40 per week.
 {¶ 4} Appellant timely appealed the trial court's judgment and raises the following assignments of error: "First Assignmentof Error: The trial court erred in granting appellee's request for deviation from the child support guidelines. SecondAssignment of Error: The trial court erred in calculating appellee's child support deviation."
 {¶ 5} Because appellant's first and second assignments of error both address the trial court's decision to deviate from the worksheet-calculated amount, we consider them together. In her first assignment of error, she essentially argues that the trial court abused its discretion by granting appellee a deviation. In her second assignment of error, appellant argues that the trial court erred when calculating the deviation amount because it failed to enter in its judgment entry the worksheet-calculated amount and because it did not give reasons for deviating from that amount.
 {¶ 6} A trial court possesses discretion when determining whether to deviate from the worksheet-calculated amount. SeePauly v. Pauly (1997), 80 Ohio St.3d 386, 390, 686 N.E.2d 1108;Booth v. Booth (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028;Jones v. Jones (Dec. 17, 1999), Highland App. No. 99CA9. Thus, we will not reverse a trial court's decision regarding a deviation absent an abuse of discretion. See, generally, Rock v.Cabral (1993), 67 Ohio St.3d 108, 112; Peters v. Peters,
Lorain App. Nos. 03CA8306 and 03CA8307, 2004-Ohio-2517; Rex v.Rex, Cuyahoga App. No. 82864, 2004-Ohio-997. The term "abuse of discretion" connotes that the court's decision is unreasonable, arbitrary, or unconscionable. See, e.g., Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, we may not merely substitute our judgment for that of the trial court. See, e.g., In re Jane Doe1 (1991), 57 Ohio St.3d 135, 138, 566, 566 N.E.2d 1181.
 {¶ 7} The worksheet-calculated amount is rebuttably presumed to be the correct amount of child support. See R.C. 3119.03. R.C.3119.22 permits a court to deviate from the worksheet-calculated amount "if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, would be unjust or inappropriate and would not be in the best interest of the child."[1]
 {¶ 8} The statute further specifies the precise procedure the court must follow if it chooses to deviate from the worksheet-calculated amount. The court must enter in the journal: (1) the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet; (2) its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child; and (3) findings of fact supporting that determination. See DePalmo v.DePalmo (1997), 78 Ohio St.3d 535, 538, 679 N.E.2d 266. This statute is mandatory and must be followed literally and technically in all material respects. See Marker v. Grimm
(1992), 65 Ohio St.3d 139, 141-142, 601 N.E.2d 496; see, e.g.,Kitchen v. Kitchen, Butler App. No. CA2002-12-298, 2004-Ohio-1189; Marrero v. Marrero, Lorain App. No. 02CA008057, 2002-Ohio-4862, at ¶ 29.
 {¶ 9} Here, the court did not abuse its discretion by granting appellee a deviation. The court determined that appellee was entitled to a deviation based upon his prior agreement to pay for his children's higher education expenses. Thus, contrary to appellant's argument, the court set forth a finding and a reason supporting a deviation. Furthermore, this is a legitimate reason and does not represent an unreasonable, arbitrary or unconscionable decision in light of R.C. 3119.23(O) which directs the court to consider a parent's obligation "for the support of others." Thus, the court did not abuse its discretion by granting appellee a deviation even though this court might not have reached the same result.
 {¶ 10} Although the court did not specifically enter in its judgment entry the worksheet calculated amount, it did incorporate that amount by reference to appellant's proposed worksheet. Thus, we find no error in this respect. However, the court's judgment is not consistent with what it apparently ordered. The court granted appellee a weekly $50 deviation, but the amount of weekly child support that it entered in its judgment entry has the effect of giving appellee a weekly $70 deviation. The worksheet calculated amount without deviation is $177.40, and after the court granted appellee a $50 deviation, it ordered weekly child support in the amount of $107.40. This appears to be a mathematical error. Therefore, we remand this matter to the trial court so that it may enter the correct amount of weekly child support. Accordingly, to this extent, we sustain appellant's second assignment of error. We overrule her first assignment of error.
JUDGMENT REVERSED AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] R.C. 3119.23 lists the following factors that a court may consider in deciding whether to deviate from the worksheet-calculated amount: "(A) Special and unusual needs of the children; (B) Extraordinary obligations for minor children or obligations for handicapped children who are not stepchildren and who are not offspring from the marriage or relationship that is the basis of the immediate child support determination; (C) Other courtordered payments; (D) Extended parenting time or extraordinary costs associated with parenting time, provided that this division does not authorize and shall not be construed as authorizing any deviation from the schedule and the applicable worksheet, through the line establishing the actual annual obligation, or any escrowing, impoundment, or withholding of child support because of a denial of or interference with a right of parenting time granted by court order; (E) The obligor obtaining additional employment after a child support order is issued in order to support a second family; (F) The financial resources and the earning ability of the child; (G) Disparity in income between parties or households; (H) Benefits that either parent receives from remarriage or sharing living expenses with another person; (I) The amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents; (J) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing; (K) The relative financial resources, other assets and resources, and needs of each parent; (L) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married; (M) The physical and emotional condition and needs of the child; (N) The need and capacity of the child for an education and the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen; (O) The responsibility of each parent for the support of others; (P) Any other relevant factor."