HURTE, Appellant,

v.

HURTE, Appellee.

[Cite as *Hurte v. Hurte,* 164 Ohio App.3d 446, 2005-Ohio-5967.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 04CA33.

Decided Nov. 2, 2005.

Janet Dyar Welch, for appellant.

Nancy E. Brum, for appellee.

HARSHA, Judge.

{¶ 1} Alice F. Hurte appeals the trial court's judgment in this contested divorce action. Initially, she complains about the trial court's treatment of various retirement benefits. She contends that the court should have considered Social Security benefits when it divided their marital property. She also contends that the court compounded this error by completely exempting Anthony Hurte's Social Security from the marital estate without giving her an "offset" for that portion of her pension that acts as a Social Security replacement. Retirement benefits and pensions, including Social Security, that are acquired during the marriage must be considered when making an equitable division of the marital estate. This is true even though a Social Security benefit is not divisible per se. Thus, the court erred in failing to consider Social Security benefits. However, there is no requirement to give appellant a "social security offset" when valuing her School Employees Retirement System ("SERS") pension because Anthony's Social Security will be considered when the court divides the marital assets on remand.

{¶ 2} Alice also argues that the trial court erred by failing to award her a share of the equity in Anthony's automobile. Anthony testified, "*We* asked him if he would give *us* the money to—for a down payment, to lessen the car payment, so *we* could pay for it." (Emphasis added.) Because there is no evidence to support the trial court's conclusion that the money was a gift of separate property to Anthony, it should have awarded Alice some equity in the vehicle, rather than concluding it was Anthony's separate property.

{¶ 3} Next, Alice asserts that the trial court erred by deviating from the child-support guidelines without entering appropriate statutory findings. Because the entry granting the deviation does not contain a finding that the worksheet-calculated amount would be unjust or inappropriate and not in the child's best interests, we agree with Alice's fourth assignment of error.

{¶ 4} Next, Alice complains that the trial court erred by awarding Anthony the federal and state tax exemption for the parties' minor child. The trial court found that awarding Anthony the dependency exemption would produce a net tax savings to him, i.e., be "of greater economic benefit." The only evidence that relates to this conclusion is the parties' disparate incomes. However, gross income is only one of several factors that the Supreme Court has indicated must

be analyzed. In the absence of such evidence, the presumption that the custodial parent gets the exemption controls.

{¶ 5} Finally, Alice contends that the trial court erred by failing to award her spousal support. Because we have reversed on several issues that have a bearing on spousal support, the court should also revisit this question on remand.

{¶ 6} After a 20–year marriage, the parties sought and received a divorce. The court ordered appellee to pay $145.64 as monthly child support, based upon the "50/50 shared parenting plan and the child support calculation worksheet attached to [appellee]'s proposed Findings of Fact and Conclusions of Law." In its property division, the trial court found that awarding appellee the federal and state tax exemption for their dependent child "is of greater economic benefit." The court did not order any spousal support, "given the amount of indebtedness [the parties] are going to be assuming."

{¶ 7} The parties' marital property included several pension plans. The court valued Alice's SERS plan at $28,010.18, and Anthony's private pension at $22,858.73. The court ordered Alice to make an equalization payment of $2,575.72 upon these valuations. Although the parties presented evidence concerning potential Social Security benefits, the court did not address the issue when dividing the marital property.

{¶ 8} The court awarded both parties their respective vehicles. But the court determined that no equity remained in Anthony's 2003 Honda Accord, which it valued at $18,900. The court's conclusion was based upon a $14,307.21 lien, and the down payment of $4,500, which it decided was a gift of separate property to Anthony from his father.

{¶ 9} Appellant appealed the trial court's judgment and raises the following assignments of error:

*First Assignment of Error:*

The court below erred in valuing appellant's School Employees Retirement System with no consideration or offset for that plan's feature which provides a social security benefit replacement.

*Second Assignment of Error:*

The trial court erred in not considering the parties' future social security benefits in relation to all marital assets when it ordered a division of the marital property.

*Third Assignment of Error:*

The trial court erred in failing to award appellant her share of the equity value of the parties' 2003 Honda Accord.

*Fourth Assignment of Error:*

The trial court committed reversible error when it deviated from the child support calculated pursuant to statute without finding such amount unjust or inappropriate to the child or either parent and not in the best interests of child because of the extraordinary circumstances of the parent of because of [sic] factors or criteria set forth in Revised Code Section 3119.23.

*Fifth Assignment of Error:*

The trial court erred in awarding appellee-husband the Federal and State tax exemption for the parties' minor child.

*Sixth Assignment of Error:*

The trial court erred in failing to award spousal support to appellant-wife.

### I

{¶ 10} Appellant's first and second assignments of error both address the trial court's decision regarding the parties' retirement benefits. Therefore, we consider them together.

{¶ 11} In her first assignment of error, appellant contends that the trial court erred by valuing her SERS pension without considering a hypothetical Social Security offset. She asserts: "The court below employed nothing to correct the injustice to Appellant and its conclusion that the marital value of Appellant's benefit from the School Employees Retirement Fund subject to distribution is $28,010.18 is against the manifest weight of the law and constitutes an abuse of discretion." In her second assignment of error, appellant argues that the court erred by ignoring the parties' Social Security benefits.

{¶ 12} Taken together, we read appellant's two assignments of error to assert that the trial court erred by determining her entire SERS account, without an offset for Social Security replacement, is a marital asset when the court completely exempted appellee's interest in Social Security from the marital estate. In other words, she contends that because the court did not consider Anthony's Social Security benefits to be divisible, that portion of her SERS pension that acts as a replacement for Social Security should have been treated likewise.

{¶ 13} "Since a trial court has broad discretion in the allocation of marital assets, its judgment will not be disturbed absent an abuse of discretion." *Neville v. Neville,* 99 Ohio St.3d 275, 2003-Ohio-3624, 791 N.E.2d 434 at ¶ 5. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. When applying this standard of review, we may not freely substitute our judgment for that of the trial court. *In re Jane Doe I* (1991), 57 Ohio St.3d 135,

137–138, 566 N.E.2d 1181; *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.

{¶ 14} Retirement benefits and pensions earned during the course of the marriage are marital assets to be considered in dividing marital property. See R.C. 3105.171(A)(3)(a)(ii). While federal law prohibits a domestic-relations court from dividing Social Security benefits, state courts may consider the effect of such a benefit when fashioning a property division. *Neville,* 99 Ohio St.3d 275, 2003-Ohio-3624, 791 N.E.2d 434, syllabus ("[i]n making an equitable distribution of marital property in a divorce proceeding, a trial court may consider the parties' future Social Security benefits in relation to all marital assets"); *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 132, 541 N.E.2d 597. "[V]irtually every appellate court has determined that although a party's interest in future Social Security benefits cannot be directly divided as a marital asset, that interest must be evaluated and considered by the court in effecting an equitable distribution of the parties' marital assets. More specifically, the interest in Social Security benefits must be evaluated and considered by the court in order to effect an equitable division of the parties' pension and retirement funds." *Neel v. Neel* (1996), 113 Ohio App.3d 24, 29–30, 680 N.E.2d 207 (citations omitted); see, also, *Hoyt v. Hoyt* (1990), 53 Ohio St.3d 177, 180, 559 N.E.2d 1292.

{¶ 15} Before *Neville,* when courts did not consider Social Security benefits belonging to one spouse but did consider the other party's state employee pension, they recognized the resulting inequity and devised the "hypothetical social security offset." See, generally, *Walker v. Walker* (1996), 112 Ohio App.3d 90, 677 N.E.2d 1252 ("Public employees who do not participate in the Social Security system may be penalized because the portions of their pension equivalent to Social Security contributions are marital property subject to division, while their spouse's contributions to Social Security cannot be considered marital property under federal statute"). This was discussed in *Cornbleth v. Cornbleth* (1990), 397 Pa.Super. 421, 427, 580 A.2d 369, quoted in *Neel,* 113 Ohio App.3d at 30, 680 N.E.2d 207:

To facilitate a process of equating [public pension participants] and Social Security participants we believe it will be necessary to compute the present value of a Social Security benefit had the [public plan] participant been participating in the Social Security system. This present value should then be deducted from the present value of the [public pension] at which time a figure for the marital portion of the pension could be derived and included in the marital estate for distribution purposes. This process should result in equating, as near as possible, the two classes of individuals for equitable distribution purposes.

See, also, *Rinehart v. Rinehart* (Dec. 1, 1999), Athens App. No. 98CA24, 1999 WL 1240851.

{¶ 16} Here, the trial court erred by choosing to totally ignore the Social Security benefits. Based upon *Neville,* we have previously held that the court must consider these benefits when evaluating the marital estate and must enter specific findings. See *Risner v. Risner* (Dec. 28, 1995), Jackson App. No. 94CA757, 1995 WL 767360. When all of the parties' retirement assets are thrown into the marital pool, no inequity results to the party with the public pension plan. The concern expressed in the pre-*Neville* cases no longer is an issue when the court considers both parties' pension plans and Social Security benefits in reaching an equitable distribution of marital assets. Therefore, a "social security offset" is no longer necessary.

{¶ 17} In this case, the trial court must consider all of the parties' retirement benefits before it can equitably divide the marital estate. Because it did not do so, or at least the record does not indicate that the court considered the Social Security benefits, we sustain Alice's first and second assignments of error. On remand, the court must consider the Social Security benefits and enter appropriate factual findings in making its division of the marital estate.

II

{¶ 18} In her third assignment of error, Alice argues that the trial court erred by failing to award her a share of the equity in the parties' 2003 Honda Accord. She contends that the court's finding that "[t]here is no equity in the Honda due to the gift Husband received of $4,500 from his father" is against the manifest weight of the evidence and an abuse of discretion. She asserts that the gift was made during their marriage, and there is no evidence that the money was intended to be a separate gift to Anthony.

{¶ 19} Trial courts are required to divide marital and separate property equitably between the spouses. R.C. 3105.171(B). This requires, in most cases, that marital property be divided equally. R.C. 3105.171(C)(1). However, if an equal division would produce an inequitable result, the trial court is only required to divide the property equitably. Id. Separate property is to be distributed to the spouse who brought that property into the marriage, except as further indicated in the statute. See R.C. 3105.171(D).

{¶ 20} Because the trial court possesses a great deal of discretion in attaining an equitable distribution, we will not reverse that decision absent an abuse of discretion. See *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 131, 541 N.E.2d 597. Having previously defined this standard of review, we do not repeat it here.

{¶ 21} Marital property includes all real and personal property acquired during the marriage by either spouse. R.C. 3105.171(A)(3)(a)(i). Property acquired during the marriage is presumed to be marital in nature unless it is shown to be separate. *Measor v. Measor*, 160 Ohio App.3d 60, 2005-Ohio-1417, 825 N.E.2d 1169, at ¶ 10. Separate property generally includes any property acquired by one spouse prior to the date of the marriage. R.C. 3105.171(A)(6)(a)(ii). The party seeking to establish an asset or a portion of it as their own separate property has the burden of proof, ordinarily by a preponderance of the evidence, to trace the asset to the separate property source. See *Eddy v. Eddy*, Washington App. No. 01CA20, 2002-Ohio-4345, 2002 WL 1943569; *Knight v. Knight* (June 11, 2001), Washington App. No. 00CA38, 2001 WL 688537. However, when the separate property is claimed to be a gift, then the burden of proof is clear and convincing. See R.C. 3105.171(A)(6)(a)(vii). We will uphold a trial court's decision concerning whether property is such a gift, like any other factual determination, as long as some competent and credible evidence supports it. *Jacobs v. Jacobs*, Scioto App. No. 02CA2846, 2003-Ohio-3466, 2003 WL 21500026, at ¶ 28.

{¶ 22} In this case, the evidence does not support the trial court's finding that Anthony's father made a gift of $4,500 solely to his son. First, Anthony clearly testified that he planned to pay the money back to his father. Thus, the money is a loan rather than a gift. Furthermore, Anthony did not meet his burden of showing that his father gave him the loan as separate property. He believes that his father made the check out to him, but he later stated that he was not sure whether his father wrote a check or transferred money from his account to his son's account. After the hearing, Anthony submitted a document purporting to show a transfer from his father's account to his account. Anthony offered no evidence that the account housed his separate property. More importantly, Anthony also testified: "*We* asked him if he would give *us* the money to—for a down payment, to lessen the car payment, so *we* could pay for it." (Emphasis added). Anthony's comments show that the parties treated the father's money as a joint loan, i.e., not separate property. Because the $4,500 was not Anthony's separate property, the trial court erred by concluding that any equity remaining in the Honda constituted Anthony's separate property. Consequently, we sustain Alice's third assignment of error.

III

{¶ 23} In her fourth assignment of error, appellant contends that the trial court erred by deviating from the child-support guidelines without entering appropriate factual findings.

{¶ 24} A trial court possesses discretion when determining whether to deviate from the worksheet-calculated amount. See *Pauly v. Pauly* (1997), 80 Ohio St.3d 386, 390, 686 N.E.2d 1108; *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028; *Jones v. Jones* (Dec. 17, 1999), Highland App. No. 99CA9, 1999 WL 1254809. Thus, we will not reverse a trial court's decision regarding a deviation absent an abuse of discretion. See, generally, *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 112, 616 N.E.2d 218; *Peters v. Peters,* Lorain App. Nos. 03CA008306 & 03CA008307, 2004-Ohio-2517, 2004 WL 1104003; *Rex v. Rex,* Cuyahoga App. No. 82864, 2004-Ohio-997, 2004 WL 396369.

{¶ 25} When calculating child support, a court must use the worksheet set forth in R.C. 3119.022 combined with the basic schedule set forth in R.C. 3119.021. The initial calculation is rebuttably presumed to be the proper amount of child support. R.C. 3119.03; *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 141, 601 N.E.2d 496. Under shared parenting, R.C. 3119.24(A)(1) allows a court to deviate from the rebuttably presumed amount "if that amount would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in section 3119.23 of the Revised Code." Extraordinary circumstances of the parent include (1) the amount of time the children spend with each parent; (2) the ability of each parent to maintain adequate housing for the children; (3) each parent's expenses, including child-care expenses, school tuition, medical expenses, dental expenses, and any other expenses the court considers relevant; (4) any other circumstances that the court considers relevant. R.C. 3119.24(B)(1) through (4).

{¶ 26} If the court deviates, it must enter three items in the journal: (1) the worksheet-calculated child support amount; (2) its determination that the presumed amount would be unjust or inappropriate and would not be in the best interests of the child; and (3) findings of fact supporting that determination. R.C. 3119.24(A)(2); see, also, *DePalmo v. DePalmo* (1997), 78 Ohio St.3d 535, 538, 679 N.E.2d 266; *Marker,* 65 Ohio St.3d at 143, 601 N.E.2d 496. These requirements are mandatory, and the trial court must follow them literally and technically in all material respects. See *Marker,* 65 Ohio St.3d at 141–142, 601 N.E.2d 496; see, e.g., *Johnson v. Johnson,* Ross App. No. 04CA2770, 2004-Ohio-5749, 2004 WL 2426252; *Lute v. McCastle,* Scioto App. No. 02CA2834, 2003-Ohio-3753, 2003 WL 21652171.

{¶ 27} "We have previously noted that 'under a shared parenting plan, a trial court does not abuse its discretion by deviating from the guidelines when it calculates child support by equitably giving parents credit for the time they have physical custody of the child.'" *Mahlerwein v. Mahlerwein,* 160 Ohio App.3d 564, 2005-Ohio-1835, 828 N.E.2d 153, at ¶ 43, quoting *Copas v. Copas,* Adams

App. No. 02CA754, 2003-Ohio-3473, 2003 WL 21500049, at ¶·9. Here, the trial court apparently deviated from the worksheet-calculated amount based upon the shared parenting plan, which allocated equal time. But it did not determine that the worksheet-calculated amount would be unjust or inappropriate or not in the child's best interests. Nor did it make any findings that support such a conclusion. Because the statute requires strict compliance, we must sustain appellant's fourth assignment of error and remand to the trial court.

## IV

{¶ 28} In her fifth assignment of error, appellant asserts that the trial court erred by awarding appellee the federal and state tax exemption for the parties' minor child. She complains that the court did not consider whether the award serves the child's best interests and that the record does not show that the court considered all relevant tax exemptions and deductions and federal, state, and local tax rates.

{¶ 29} "A trial court enjoys broad discretion when allocating tax dependency exemptions, and absent a showing of an abuse of discretion, an appellate court may not substitute its judgment for that of the trial court." *Geschke v. Geschke*, Medina App. No. 3266–M, 2002-Ohio-5426, 2002 WL 31255752, at ¶ 32, citing *Morgan v. Morgan* (Oct. 24, 2001), Wayne App. No. 01CA0017, 2001 WL 1280277; *Deckerd v. Deckerd* (Dec. 18, 1996), Columbiana App. No. 95–CO–33, 1996 WL 734010.

{¶ 30} R.C. 3119.82 sets forth the procedure a trial court must follow when determining which party should receive the dependency exemption and states:

If the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children * * *. In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children.

{¶ 31} Presumptively, under the Internal Revenue Code, the residential parent receives the tax dependency exemption. *Singer v. Dickinson* (1992), 63 Ohio St.3d 408, 411, 588 N.E.2d 806. A trial court may award the tax exemption to a nonresidential parent if it finds that doing so would produce a net

tax savings for the parents, thereby furthering the child's best interests. Id. at 415, 588 N.E.2d 806; *Bobo v. Jewell* (1988), 38 Ohio St.3d 330, 332, 528 N.E.2d 180. "Such savings would occur through allocation to the non[-residential] parent only if the non[-residential] parent's taxable income falls into a higher tax bracket than the tax bracket of the custodial parent." *Singer*, 63 Ohio St.3d at 415–16, 588 N.E.2d 806. "In determining whether taxes would be saved by allocating the federal tax dependency exemption to the noncustodial parent, a court should review all pertinent factors, including the parents' gross incomes, the exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state, and local income tax rates." Id. at 416, 588 N.E.2d 806. In *Singer*, the Supreme Court pointedly remarked that the trial court "did not consider any of these facts." Id. at 416, 588 N.E.2d 806.

{¶ 32} Anthony testified that he would like the tax exemption. However, neither party presented any evidence regarding "the exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state, and local income tax rates." The court had only the parties' disparate incomes to use in making its decision. Based on *Singer*, we do not believe that this information was sufficient.

{¶ 33} We are not convinced that the trial court should have sua sponte directed the parties to present evidence concerning the tax exemption. Rather, in a case like this, when the parties fail to present evidence, the presumption controls. See *Singer*; R.C. 3119.82 (both presuming that the residential parent should receive the dependency exemption and prohibiting the court from awarding the exemption to the nonresidential parent unless the enumerated factors justify it). In the absence of evidence showing that the nonresidential parent would receive a net tax savings from the dependency exemption, the court must employ the presumption that the dependency exemption belongs to the residential parent.

{¶ 34} Consequently, we sustain Alice's fifth assignment of error.

## V

{¶ 35} In her sixth assignment of error, appellant argues that the trial court erred by failing to award spousal support. Because we have reversed and remanded on the issues of dividing the marital estate, child support, and tax exemptions, all of which could have an impact on spousal support, see R.C. 3105.18(C)(1), the trial court should also revisit that issue on remand. Appellant's sixth assignment of error is sustained to this limited extend.

Judgment reversed
and cause remanded.

ABELE, P.J., and McFARLAND, J., concur.