OPINION
{¶ 1} Defendant-appellant, Bernard Keenan, appeals from a Jefferson County Common Pleas Court, Domestic Relations division judgment granting him a divorce from plaintiff-appellee, Nancy Keenan.
 {¶ 2} Appellant and appellee were married on May 1, 1992. Appellee filed a complaint for divorce on February 28, 2003. While the divorce was pending, appellant suffered a stroke. The court thereafter substituted Patricia Grimes, appellant's daughter who was appointed guardian of the person of appellant, as the party defendant in this case.
 {¶ 3} The case proceeded to a hearing, where the court heard testimony from appellant, appellee, and Grimes. The court subsequently entered findings of fact and order. It stated that the parties were entitled to an equitable division of the marital assets. It then distributed the assets so that appellee had a total of $3,335 worth of personal property and appellant had $3,336 worth of personal property. The court further ordered that a joint checking account with an approximate value of $10,000 and a joint savings account with approximately $8,000 were to be equally divided between the parties. And the court ordered appellant to pay appellee $700 per month in spousal support for a period of two years and ten months. Additionally, the court found that appellant had accumulated a spousal support arrearage of $826. Therefore, the court considered this in making appellant's personal property award.
 {¶ 4} The court entered its decree of divorce on July 2. Appellant filed his timely notice of appeal on August 2, 2004.
 {¶ 5} Appellant alleges three assignments of error, the first of which states:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT WHEN THE COURT FAILED TO REDUCE THE EQUITABLE DISTRIBUTION AWARD TO THE PLAINTIFF BY NOT SUBTRACTING THE AMOUNTS OF MONEY SHE WITHDREW FROM THE PARTIES' ACCOUNT AND MONEY SHE USED FROM THE COIN JAR."
 {¶ 7} Appellant argues that the court erred in failing to consider money appellee withdrew from a joint savings account and money she took from a coin jar in making its distribution award. He contends that the court should have considered money appellee withdrew from the U.S. Bank account in the amounts of $4,000 in January 2003; $869 on July 10, 2003; and $343 on September 15, 2003. Appellant also contends that the court should have considered $200 that appellee took from his coin jar.
 {¶ 8} A trial court has broad discretion in dividing property in divorce actions. Middendorf v. Middendorf (1998),82 Ohio St.3d 397, 401, 696 N.E.2d 575. Thus, this court will not disturb a trial court's division of property absent an abuse of discretion. Abuse of discretion connotes more that an error of law or judgment, it means that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 9} According to R.C. 3105.171(C)(1), the trial court's division of marital property shall be equal. However, if an equal division of marital property would be inequitable, the court shall instead divide it between the spouses in the manner the court determines equitable. R.C. 3105.171(C)(1).
 {¶ 10} In this case, some of the money appellant complains about appellee withdrawing from the joint account she withdrew during the marriage. Appellee testified that she withdrew $4,000 from the U.S. Bank account in January 2003. (Tr. 27, 44). In the divorce decree, the court found that the parties separated on February 28, 2003. Therefore, it found that the time referred to as "during the marriage" was from May 1, 1992 until February 28, 2003. When questioned about what she used this money for, appellee stated that she spent it on living expenses, attorney fees, and court costs. (Tr. 27). Certainly it was reasonable for appellee to use money from her joint account with appellant to pay for living expenses before she and appellant separated. Furthermore, the trial court has discretion to direct the payment of attorney fees and costs. Clark v. Clark, 7th Dist. No. 04-NO-308, 2004-Ohio-1577, at ¶ 65. Therefore, it was within the court's discretion to determine that it was reasonable for appellee to use some of the money for attorney fees and costs. Since appellee withdrew the money during the marriage and used it for living expenses and attorney fees, the court did not abuse its discretion in failing to consider it when making appellee's property award.
 {¶ 11} The other two withdrawals from the joint U.S. Bank savings account that appellant takes issue with did not occur during the marriage. Appellee testified that she withdrew $869 from the account on July 10, 2003 and $343 on September 15, 2003. (Tr. 40, 44). Appellee also testified that she took the change in the parties' coin jar and cashed it in after appellant left. (Tr. 60). She stated that it was "not quite $200." (Tr. 61).
 {¶ 12} The court erred in not considering these withdrawals. In its findings of fact, the court stated that the parties were entitled to an equitable division of the marital assets. Arguably, equitable does not mean equal. However, the court then listed all of the personal property awarded to appellee. Next, it listed all of the personal property awarded to appellant and added appellant's $826 support arrearage. The parties' total awards for these assets were $3,335 to appellee and $3,336 to appellant. The court then ordered that the parties equally divide the $10,000 in the U.S. Bank checking account and the $8,000 in the U.S. Bank savings account between them. It also ordered that any outstanding debts accrued during the marriage were to be divided equally between the parties. Finally, the court found that the marital home had a value of $49,500 and that the value was to be divided equally between the parties.
 {¶ 13} Although the court stated that it was making an equitable division of property, it seems that the court intended to make an equal property distribution in accordance with R.C.3105.171(C)(1). In so doing, the court should have considered the withdrawals appellee made from the parties' joint account and joint coin jar after the end date of the marriage. Since appellee withdrew a total of $1,412 from the parties' joint money after the end date of the marriage, appellant is entitled to half of that amount, or $706. Hence, appellant's first assignment of error has merit.
 {¶ 14} Appellant's second assignment of error states:
 {¶ 15} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT WHEN IT ORDERED A DIVISION OF A JOINT SAVINGS AND CHECKING ACCOUNT BY A MONETARY AMOUNT INSTEAD OF DIVIDING THE BALANCES BY A PERCENTAGE AMOUNT AND FAILING TO REFERENCE IN ITS ORDER THAT THE CHECKING ACCOUNT SECURED A LOAN FOR THE BENEFIT OF PLAINTIFF'S DAUGHTER."
 {¶ 16} Appellant contends that the trial court should have divided the amounts in the savings and checking accounts by a percentage instead of equally dividing them because there was no testimony as to the exact amounts in the accounts. He also argues that the evidence demonstrated that the money in the savings account was used to secure a loan for appellee's daughter. Therefore, he asserts that the net amount of the savings account should have been divided after payment of the loan.
 {¶ 17} Appellee testified that before she withdrew the $4,000 from the parties' checking account, she thought there was approximately $14,000 in it. (Tr. 27-28). Neither party submitted any bank statements that stated the exact amount in the account. Therefore, the trial court found that the checking account had an approximate value of $10,000.
 {¶ 18} Appellee also testified that the parties had a joint savings account that secured a loan for her daughter. (Tr. 28). She stated that she thought this account contained approximately $8,000. (Tr. 29-30). As with the checking account, neither party submitted any bank statements verifying the exact amount in the savings account. So the trial court found that the savings account had an approximate value of $8,000.
 {¶ 19} The trial court did not abuse its discretion in ordering the equal division of the bank accounts. As noted above, the trial court seems to have made a completely equal division of martial property. Since the parties did not present the court with evidence of the accounts' precise values, the court could not award them each a dollar figure. Instead, it ordered that both parties were entitled to 50 percent of both accounts, which is consistent with the rest of the court's property division.
 {¶ 20} Furthermore, while appellee testified that the money in the savings account was used to secure a loan for her daughter, this should not impact the court's equal division of that account. Not many details were given about the loan for appellee's daughter. However, appellee did submit a statement that indicates that the loan was initially for $9,288.55 and that it had a balance of $4,799.57. (Plaintiff's Exh. 6). Whether the parties will be able to access the money in this account before the loan is paid in full is unknown. However, that does not affect the court's property division. If the parties have to wait until the loan is paid in full, then at that time, they can equally divide the money between them.
 {¶ 21} Thus, the trial court did not abuse its discretion in dividing the bank account assets. Accordingly, appellant's second assignment of error is without merit.
 {¶ 22} Appellant's third assignment of error states:
 {¶ 23} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT WHEN IT AWARDED THE PLAINTIFF AN ARREARAGE IN SPOUSAL SUPPORT BY FAILING TO TAKE INTO ACCOUNT THAT PART OF THE SPOUSAL SUPPORT TO BE PAID TO THE PLAINTIFF WAS PAID TO UTILITY COMPANIES FOR CHARGES WHICH WERE THE SOLE RESPONSIBILITY OF THE PLAINTIFF."
 {¶ 24} Appellant asserts that the court ordered appellee to pay the debts associated with the marital home while the divorce was pending. However, he claims she failed to pay the gas and telephone bills, which were in his name. So appellant paid these bills totaling $655.34. He then reduced the amount of spousal support he paid to appellee for June, July, and August of 2003. He only paid a total of $1,274 in spousal support to appellee instead of $2,100, as was court ordered ($700 per month).
 {¶ 25} Because of those reduced support payments, the trial court found that appellant had an arrearage of $826. Appellant argues that the $655.34 that he paid for the utility bills should have been subtracted from his arrearage, leaving him with only a $170.66 arrearage.
 {¶ 26} Appellant submitted a letter dated June 4, 2003, that Grimes sent to appellee stating that since she had not adhered to the court's order that she pay the bills associated with the home starting from March 1, 2003, appellant was receiving late notices and late fees. (Plaintiff's Exh. 10). The utilities were apparently in appellant's name. In the letter, Grimes informed appellee that she was going to pay the overdue bills and deduct that amount from the spousal support for June, July, and August.
 {¶ 27} Appellant also submitted late notices for $242.06 due on the phone bill and $413.28 due on the gas bill. (Defendant's Exhs. 4, 6). These notices were dated early May 2003.
 {¶ 28} Appellee testified that she contacted the phone company about the phone bill. (Tr. 76). She stated that the phone company told her that the bill was a mistake and that they dropped those charges from the bill. (Tr. 77). When asked about the gas bill, appellee claimed that she never received it at the house. (Tr. 78).
 {¶ 29} No evidence was presented however, that appellant definitely paid these bills. No cancelled checks were submitted and neither Grimes nor appellant testified that they paid the bills. Furthermore, it was not up to appellant's discretion whether or not to pay appellee the full amount of spousal support he was ordered to pay her. If he had a problem with bills not getting paid, he should have filed a motion to hold appellee in contempt of the court's order that she pay the household bills. Instead, he took it upon himself to remedy the situation.
 {¶ 30} Based on the foregoing, we cannot conclude that the trial court abused its discretion in finding that appellant had an arrearage of $826. Thus, appellant's third assignment of error is without merit.
 {¶ 31} For the reasons stated above, the trial court's judgment is hereby affirmed in part and reversed in part. It is reversed as to the court's failure to consider the $1,412 appellee withdrew from the parties' joint monies after the date of separation. Accordingly, judgment is entered in appellant's favor in the amount of $706. In all other respects, the court's judgment is hereby affirmed.
Waite, J., DeGenaro, J., concurs.