OPINION
{¶ 1} Appellant Elizabeth D. Vergitz appeals the division of marital property in her divorce from Appellee Christ I. Vergitz, Jr. The specific issue on appeal is whether the trial court properly designated two loans as marital debt rather than the separate debt of Appellee. The loans were made on behalf of the parties' 21-year-old daughter to help pay for her college education. The Jefferson County Court of Common Pleas found that the loans were valid marital debt, although Appellant testified that she did not agree to take out the loans. Since the loans occurred during the marriage, they were presumed to be marital debt. The trial court has wide discretion in valuing and allocating marital assets and marital debt, and the trial court was not required to accept Appellant's explanation of the facts and circumstances of the loans. There was no abuse of discretion in this matter, and the judgment of the trial court is hereby affirmed.
 {¶ 2} Appellant filed for divorce on September 2, 2004. The parties had been married for 26 years and had three children. There were disputed issues during the divorce proceedings concerning spousal support and the division of marital property. These issues were heard before a magistrate on March 24, 2004. The magistrate's findings were filed on April 25, 2005. The magistrate determined that loans in the amount of $15,695.73 and $1,214.00 were the separate debt of Appellee. Appellee filed objections to this aspect of the magistrate's decision. On July 18, 2005, a hearing was held to resolve Appellee's objections. On July 21, 2005, the trial court sustained Appellee's objections because it was clear that the loans, made to help the *Page 2 
parties' daughter pay for college, were incurred during the marriage before any divorce proceedings had been initiated.
 {¶ 3} The court filed its judgment entry of divorce on October 14, 2005, and incorporated revised findings concerning the two college loans into the decree by subtracting one-half of each of the loan amounts ($7,847.87 plus $607.00, which equals $8454.87) from Appellant's share of Appellee's pension. This had the effect of assigning one-half of the value of the loans to each party. The final division of marital assets and debts, including the division of the college loan debt, was done equally.
 {¶ 4} This timely appeal followed.
 ASSIGNMENT OF ERROR {¶ 5} "THE COURT ABUSED ITS DISCRETION AND ERRED BY FINDING TWO STUDENT LOANS INCURRED SOLELY BY THE DEFENDANT/APPELLEE FOR AN EMANCIPATED CHILD OF THE MARRIAGE AS A MARITAL DEBT, AND REQUIRING THE APPELLANT TO BE RESPONSIBLE FOR ONE-HALF OF A LOAN INCURRED BY THE APPELLEE."
 {¶ 6} The standard of review of decisions involving the division of marital property is that the trial court's decision will not be reversed absent an abuse of discretion. Cherry v. Cherry (1981),66 Ohio St.2d 348, 355, 20 O.O.3d 318, 421 N.E.2d 1293. An abuse of discretion implies a decision that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481,450 N.E.2d 1140. *Page 3 
 {¶ 7} The division of marital property in a divorce case should be equal unless the trial court determines that an equal division would be inequitable. See R.C. § 3105.171(C)(1). A potentially equal division of marital assets is only a starting point for the trial court, and the final division may be unequal if the court can explain in sufficient detail why an unequal division is equitable. Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, 518 N.E.2d 1197, paragraph two of the syllabus.
 {¶ 8} A trial court must take into account marital debt when dividing the marital property. Barkley v. Barkley (1997), 119 Ohio App.3d 155,170, 694 N.E.2d 989.
 {¶ 9} Appellant argues that she did not agree to lend money to her emancipated daughter to help pay for college, and she argues that she did not sign the loan agreement. Appellant also contends that a parent's duty to support a child ends when the child reaches age 18, which is the age of majority. R.C. §§ 3103.03, 3109.01. Appellant asserts that the trial court was not permitted to force debt on her as marital debt when the loan was for an emancipated child and was executed solely by Appellee.
 {¶ 10} Appellant cites Gallo v. Gallo, 11th Dist. No. 2000-L-208, 2002-Ohio-2815, in support. Gallo is inapposite to the issue in this appeal. It is true that the issue in Gallo was whether a college loan made by one spouse to an emancipated child was marital debt, but the crucial difference between Gallo and the instant case is that, inGallo, the loan was executed after the divorce was filed and after the *Page 4 
effective date of the end of the marriage, which explains the appellate court's rationale in refusing to treat the debt as marital debt:
 {¶ 11} "There is no record of any express agreement between the parties that both would pay for the remainder of their son's college education. Courts will not enforce, what is in effect, a tacit agreement to support an adult child's college expenses, commendable as that goal may be to all concerned. Claudio Gallo is, in essence, asking Sheila Gallo to provide support for their emancipated son in the absence of an express agreement. Sheila Gallo has consistently refused to pay even part of this expense since this action was filed. It was only after theproceedings commenced that Claudio Gallo obtained a loan to pay for hisson's final quarter of college. The loan was taken out after the date ofthe end of the marriage, as determined by the trial court. This decisionwas unilateral on his part." (Emphasis added.) Id. at ¶ 32.
 {¶ 12} Appellant is quite correct that parents have no duty to support emancipated children, and that a court cannot force a parent to participate in supporting an emancipated child after the parties have effectively divorced. However, the issue in this case involved disposition of a debt incurred during the marriage, not a debt incurred after the date of divorce. Assets and debts acquired during the marriage are presumed to be marital unless it can be proved that it is separate property. Knox v. Knox, 7th Dist. No. 04 JE 24, 2006-Ohio-1154, ¶ 25-26. The party seeking to establish that property (or debt) is separate rather than marital bears the burden of proving this to the trial court.Hurte v. Hurte, *Page 5 164 Ohio App.3d 446, 2005-Ohio-5967, 842 N.E.2d 1058, ¶ 21. Separate property, in this context, is a, "gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse." R.C. § 3105.171(A)(6)(vii). Although the statute does not mention debt as an element of marital and separate property, the rules concerning marital assets have been consistently applied to marital and separate debt as well. Marrero v. Marrero, 9th Dist. No. 02CA008057, 2002-Ohio-4862, ¶ 43. It is evident from the trial court's judgment that Appellant failed to meet her burden of proof in establishing the loans as separate rather than marital debt.
 {¶ 13} In the instant case, the loan agreement was made during the marriage and could be treated as any other expenditure that married couples make, such as purchasing a car or buying groceries or paying for cable television. In this case, a better analogy might be the purchase of a fur coat or a boat. In any event, in each of these situations, one party could argue that he or she did not agree to the purchase and derived no benefit from the purchase. Nevertheless, the trial court could decide in any of these instances to treat the debt or expenditure as marital. It is not clear why Appellant would argue that she took no part in and derived no benefit from assuming $16,000 in loans to pay for her daughter's college education, but the fact that the money went to her emancipated daughter is not the significant factor, here. The important point is the loans were debt incurred during the marriage. Both parties could argue that they derived no benefit from the loans, because it was their *Page 6 
daughter who actually received any benefit. Parties are always free to argue that they received no benefit from any expenditure made during the marriage. Of course, the parties could equally argue that they both received a benefit from helping their daughter pay for college. The trial court's role in these situations is primarily to determine whether the expenditure was made as part of the marriage.
 {¶ 14} Appellant appears to be arguing that the trial court was required to believe her testimony about the loan and was required to treat loans taken out during the marriage as a non-marital debt simply because they were made on behalf of their emancipated daughter. If this is her argument, we must reject this contention. First, the trial court, as the trier of fact in a divorce, is permitted to believe or disbelieve any testimony and may give as much weight to any evidence as seems proper. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273; Seidler v. FKM Advertising Co. (2001), 145 Ohio App.3d 688,695, 763 N.E.2d 1266. Second, it is fairly well established that loans made to emancipated children, including loans to pay for college, may be treated as marital debt in the discretion of the trial court when those loans are incurred during the marriage. Keenan v. Keenan, 7th Dist. No. 04-JE-23, 2005-Ohio-6939; Floyd v. Floyd (Aug. 18, 1998), 7th Dist. No. 95-CA-54; Kroth v. Kroth, 8th Dist. No. 84565, 2005-Ohio-1015.
 {¶ 15} It is somewhat disingenuous for Appellant to argue that she vehemently opposed taking out the loans to pay for her daughter's college education, when she also testified that one of the reasons she wanted spousal support from Appellee was because she, "would like to have some sort of support during the time that [her *Page 7 
daughter is] in college because I understand she's an adult then but there are still many things that you support them with while they're in college." (3/24/05 Tr., p. 34.) In this testimony, Appellant is referring to her youngest daughter, and not to the daughter who received the benefit of the loans at issue in this appeal. Nevertheless, Appellant revealed a desire to support one of her children during college, while at the same time trying to convince the trial court that she would never approve of lending money to her oldest daughter to pay for college. Given these conflicting signals in Appellant's testimony, it is possible that the trial court was not disposed to believe her characterization of the college loans, and simply accepted Appellee's interpretation that the loans were marital debt.
 {¶ 16} In conclusion, the trial court was within its discretion to treat loans made during the marriage as marital debt, regardless of the fact that the loans were made to the parties' emancipated daughter for college expenses. The judgment of the trial court is affirmed.
 Donofrio, J. and DeGenaro, P.J., concurs. *Page 1