[Cite as *State v. Warren*, 2013-Ohio-443.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2012-P-0069** |
| NELLY J. WARREN, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2008 CR 00471.

Judgment: Reversed and remanded.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellant).

*Melissa R. V. Roubic,* Roubic Law Offices, L.L.C., 218 West Main Street, #150, Ravenna, OH 44266-2744, and *Leonard J. Breiding, II,* 4825 Almond Way, Ravenna, OH 44266 (For Defendant-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, the state of Ohio, appeals from the judgment of the Portage County Court of Common Pleas, granting appellee, Nelly J. Warren, judicial release. For the reasons that follow, we reverse the judgment of the trial court and remand the matter.

{¶2} On August 1, 2008, appellee was indicted in a seven-count indictment charging, inter alia, two counts of aggravated vehicular homicide, in violation of R.C.

2903.06(A)(1) and two counts of aggravated vehicular assault, in violation of R.C. 2903.08(A)(1). Appellee eventually entered a plea of guilty to the one count of aggravated vehicular homicide, in violation of R.C. 2903.06(A)(1) and (B)(1)(2)(a), a felony of the second degree, and vehicular assault, in violation of R.C. 2903.08(A)(1) and (B)(1), a felony of the third degree. The remaining charges were dismissed. The trial court accepted appellee's plea and the matter was referred for a presentence investigation report.

{¶3}   On January 21, 2009, a sentencing hearing was held at which the trial court, from the bench sentenced appellee to serve four years for aggravated vehicular homicide, two of which were ordered mandatory. In its sentencing entry, however, the trial court provided "[t]he Court finds that prison is mandatory for each offense. IT IS THEREFORE ORDERED that the Defendant is sentenced to the Ohio Department of Rehabilitation and Correction, Marysville, Ohio to a mandatory term of imprisonment of four (4) years to be served for the offense of 'Aggravated Vehicular Homicide,' and a mandatory term of imprisonment of one (1) year to be served for the offense of 'Aggravated Vehicular Assault' of which shall run consecutive to one another, or until such time as she is otherwise legally released." No appeal was taken from this judgment.

{¶4}   Defense counsel subsequently filed a motion requesting the trial court to vacate the sentencing order "because the entry [did] not conform with the sentence imposed in open court." A resentencing hearing was held on February 27, 2009, at which appellee and her attorney were present. The trial court resentenced appellee to a mandatory term of four years in prison for aggravated vehicular homicide and a

2

consecutive term of one year in prison for aggravated vehicular assault. No appeal was taken from this order.[1]

**{¶5}** On May 15, 2012, appellee's counsel filed a motion for judicial release arguing that only two years of appellee's four-year sentence for aggravated vehicular homicide were mandatory. On June 29, 2012, the trial court granted the motion, ordering appellee to be released on house arrest for 90 days beginning Sunday, July 1, 2012. The state requested a stay of the court's order, which was denied.

**{¶6}** The state filed a notice of appeal and a motion for a temporary stay. This court granted the temporary stay, ruling the state "made a prima facie showing of the need for a stay." This court later granted an extension of the temporary emergency stay, "pending a substantive review of the appeal, in order to preserve the status quo."

**{¶7}** The state assigns the following error for our review:

**{¶8}** "The Portage County Court of Common Pleas erred in finding an inmate imprisoned on a mandatory five years sentence was eligible for release and in granting the same inmate judicial release."

**{¶9}** The state contends that, statutorily, appellee is ineligible for judicial release because the sentencing order demonstrates she was unequivocally sentenced to a five-year mandatory term. In response, appellee contends the trial court did not err because, even though the trial court held a resentencing hearing to correct the original error, "there is no transcript from that hearing and no evidence that the four year mandatory term was conveyed * * * in open court."

---

1 The record before this court does not include transcripts of either appellee's original sentencing or her resentencing.

3

{¶10} R.C. 2929.20 gives a sentencing court the authority to grant an eligible offender judicial release from prison. R.C. 2929.20(B). An eligible offender is "any person who, on or after April 7, 2009, is serving a stated prison term that includes one or more nonmandatory prison terms." R.C. 2929.20 (A)(1)(a).

{¶11} R.C. 2903.06(B)(2)(a) reads, in relevant part: "aggravated vehicular homicide committed in violation of division (A)(1) of this section is a felony of the second degree and the court shall impose a mandatory prison term on the offender as described in division (E) of this section." Subsection (E) of that statute states, in relevant part, that "[t]he court shall impose a mandatory prison term on an offender who is convicted of or pleads guilty to a violation of division (A)(1) of this section."

{¶12} A mandatory prison term, for purposes of this appeal, means "the term in prison that must be imposed for the offenses or circumstances set forth in divisions (F)(1) to (8) or (F)(12) to (18) of section 2929.13 * * *[and] any prison term authorized for the level of offense." R.C. 2929.13(F)(4) provides that a court shall impose a prison term and shall not reduce the term under R.C. 2929.20 for "[a] felony violation of section * * * 2903.06 * * * of the Revised Code if the section requires the imposition of a prison term." Finally, R.C. 2929.14(A)(2) authorizes a prison term between two and eight years for a felony-two violation.

{¶13} Appellee pleaded guilty to one count of aggravated vehicular homicide, a felony of the second degree, in violation of R.C. 2903.06(A)(1). Appellee received a mandatory four-year term of imprisonment for pleading guilty to this crime, a sentence within the statutory range. Appellee was further sentenced to a one-year mandatory term of imprisonment for felony-three aggravated vehicular assault. This sentence was

4

ordered to run consecutively to the mandatory four-year term for a mandatory aggregate sentence of five years.

{¶14} At the hearing on appellee's motion for judicial release, the trial court expressed its belief that appellee was eligible for judicial release under the law. The court further observed, "I spoke with Judge Kainrad, who was the sentencing Judge at the time, and it was his understanding and what he wanted to do, was make sure that the sentencing journal entry was styled in a manner that would allow judicial release if in fact you did everything that you were required to do while in prison. It was his intention that you be eligible for judicial release." Regardless of the sentencing judge's intentions, the judgment on sentence is unequivocal: Appellee was ordered to serve a mandatory five-year aggregate sentence. And, regardless of the trial court's belief that appellee is eligible, a plain reading of the relevant statutes demonstrate that her five-year mandatory sentence renders her ineligible for judicial release.

{¶15} Appellee asserts the trial court's judgment should be upheld because there is no transcript to demonstrate that the trial court imposed a four-year mandatory term at the sentencing hearing. Initially, there is nothing to indicate appellee was precluded from placing a transcript of the resentencing hearing in the record. Appellee cannot rely on the absence of a transcript as a basis for her argument when it appears she was capable of obtaining such evidence to provide actual support for her position.

{¶16} Appellee's argument is additionally problematic because the absence of a transcript detailing what the trial court said in open court is not evidence that the trial court failed to properly enter a four-year mandatory sentence on the aggravated vehicular homicide count. Appellee's argument is structurally spurious because it is

5

based upon the assumption that a position can be true simply because it cannot be shown false. One cannot, however, infer the truth of a proposition without some evidence to support that conclusion. If there is positive evidence for a conclusion, then one may have reason for accepting it; a lack of evidence, unto itself, however, is no evidence. We therefore decline to accept appellee's argument.

{¶17} We accordingly hold the trial court erred as a matter of law when it found appellee eligible for judicial release. The state's assignment of error is therefore sustained.

{¶18} For the reasons discussed in this opinion, the judgment of the Portage County Court of Common Pleas is reversed and remanded.


MARY JANE TRAPP, J., concurs,

TIMOTHY P. CANNON, P.J., concurs with Concurring Opinion.

_____


TIMOTHY P. CANNON, P.J., concurring.

{¶19} I concur with the opinion and judgment of the majority. I write to address the argument presented by appellant for the first time at oral argument. In this argument, appellant contends the state has a limited right of appeal with regard to modification of a sentence. That limitation is found in R.C. 2953.08(B)(3):

{¶20} (B) In addition to any other right to appeal and except as provided in division (D) of this section, a prosecuting attorney, * * * may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony or, in the

6

circumstances described in division (B)(3) of this section the modification of a sentence imposed upon such a defendant, on any of the following grounds:

**{¶21}** * * *

**{¶22}** (3) The sentence is a modification under section 2929.20 of the Revised Code of a sentence that was imposed for a felony of the first or second degree.

**{¶23}** Appellant contends she has served her sentence for the second-degree felony, and all that remains to be served is her sentence for the third-degree felony. Therefore, the argument goes, the state may not appeal any modification with regard to modification of the sentence for the third-degree felony.

**{¶24}** While this argument may have some merit, appellee has had no opportunity to respond, and it is not properly developed in our record. It may be more properly considered in the event a subsequent motion for judicial release is considered by the trial court.