IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-616

No. COA20-884

Filed 16 November 2021

Moore County, No. 18 CVD 194

EDDIE DWAYNE PURVIS, Plaintiff,

v.

CONSTANCE BAKER PURVIS, Defendant.

Appeal by Defendant from order entered 18 September 2019 by Judge Warren McSweeney in Moore County District Court. Heard in the Court of Appeals 7 September 2021.

*Van Camp, Meacham, & Newman, PLLC, by Whitney Shea Phillips Foushee, for Plaintiff-Appellee.*

*Kreider Law, PLLC, by Jonathan G. Kreider for Defendant-Appellant*

WOOD, Judge.

¶ 1    Defendant Constance Purvis ("Defendant") appeals an order in which the trial court classified student loans acquired by the parties in the name of the Plaintiff Eddie Purvis ("Plaintiff") for the benefit of their adult daughter as marital property. After careful review of the record and applicable law, we affirm the order of the trial court.

## I.    Factual and Procedural Background

On September 24, 1988, Plaintiff and Defendant married. The parties separated on February 25, 2017. While the parties were married, they shared one joint bank account. The parties had a daughter who attended Sweet Briar College ("Sweet Briar") from 2009 until 2013. During her time at Sweet Briar, the parties' daughter acquired several student loans in her name, and Plaintiff acquired student loans in his name. The loans Plaintiff acquired were administered through Great Lakes Educational Loan Services, Inc.[1] ("Great Lakes"). The Great Lakes loans were used by the parties' daughter for tuition, books, and living expenses.

Plaintiff contends that, although the Great Lakes loans were incurred in his sole name, the parties made a joint decision in acquiring the loans in question. According to Plaintiff's affidavit, the parties decided the Great Lakes loans would be in Plaintiff's name only due to a discrepancy in the parties' credit scores. Defendant is the one who completed and submitted the application for the loans and used her personal email address. Plaintiff did not use the Federal Student Aid website through which the loans were acquired. At some point, Defendant's mother co-signed loan documents for one of the Great Lakes loans.

---

[1] Great Lakes is a student loan servicer chosen by the U.S. Department of Education to service federal student loans. Great Lakes provides federal borrowers with information concerning the repayment of their federal loans and manages the repayment of such loans. *See* Great Lakes Educational Loan Services, Inc., https://mygreatlakes.org/educate/knowledge-center/transferred-loan-questions.html.

¶ 4        Disbursements for the Great Lakes loans occurred on September 9, 2009 in the amount of $31,433.72; September 8, 2010 in the amount of $34,229.51; September 7, 2011 in the amount of $36,442.61; and September 12, 2012 in the amount of $42,441.84.  The outstanding debt of the Great Lakes loans was $164,163.00 on the date of separation in 2017.  The disbursements for the Great Lakes loans were made directly to Sweet Briar, and the parties used their joint bank account to make the payments on the Great Lakes loan.

¶ 5        On August 5, 2019, Defendant filed a motion for summary judgment, seeking a declaration that the Great Lakes loans were separate, rather than marital, property.  The trial court denied Defendant's motion on September 18, 2019.[2]  In its written order, the trial court found "there is no genuine issue of material fact to be resolved . . . and that partial summary judgment should be instead entered in favor of . . . Plaintiff declaring that the Great Lakes Student Loan . . . is marital property as a matter of law."

¶ 6        On March 20, 2020, the trial court entered its equitable distribution order, in which it found the Great Lakes loans were marital property.[3] **.** Plaintiff was assigned 75% of the outstanding balance of the loans, and Defendant was assigned 25% of the

---

[2] It is from this order Defendant appeals.  Defendant's notice of appeal does not indicate she appeals from the trial court's equitable distribution order entered on March 20, 2020.

[3] Defendant does not appeal the trial court's equitable distribution order.

outstanding balance of the loans.  Defendant filed her notice of appeal on June 18, 2020.

## II.  Discussion

¶ 7     In her sole argument on appeal, Defendant contends the trial court erred in classifying the Great Lakes loans as marital property.  We disagree.

¶ 8     As a preliminary matter, we note that Defendant argues in her appellate briefing that she appeals from the trial court's equitable distribution order. Generally, an

> equitable distribution order is a final judgment of a district court in a civil action under N.C. Gen. Stat. § 7A–27(c) (2009).  On appeal, when reviewing an equitable distribution order, this Court will uphold the trial court's written findings of fact "as long as they are supported by competent evidence." *Gum v. Gum*, 107 N.C. App. 734, 738, 421 S.E.2d 788, 791 (1992).  However, the trial court's conclusions of law are reviewed *de novo*. *Lee v. Lee*, 167 N.C. App. 250, 253, 605 S.E.2d 222, 224 (2004).  Finally, this Court reviews the trial court's actual distribution decision for abuse of discretion.  *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

*Mugno v. Mugno*, 205 N.C. App. 273, 276, 695 S.E.2d 495, 498 (2010).  However, Defendant's written notice of appeal does not state she appeals the trial court's equitable distribution order entered on March 20, 2020; rather, Defendant appeals the trial court's summary judgment order entered on September 18, 2019. Accordingly, we review summary judgment orders *de novo*.  *Raymond v. Raymond*,

257 N.C. App. 700, 708, 811 S.E.2d 168, 173 (2018) (citation omitted). Summary judgment "is appropriate only when the record shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *Id.* at 708, 811 S.E.2d at 173-74 (quoting *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (citation and quotation marks omitted)); *see also Harroff v. Harroff*, 100 N.C. App. 686, 689, 398 S.E.2d 340, 342-43 (1990) (citing *Ledford v. Ledford*, 49 N.C. App. 226, 228, 271 S.E.2d 393, 396 (1980)). As the parties dispute the trial court's classification of the Great Lakes loans as marital property and do not contend there are any genuine issues of material fact, we limit our review to the trial court's classification of the loans.

¶ 9      In accordance with the North Carolina Equitable Distribution Act, the trial court is statutorily mandated to determine whether property is marital, divisible, or separate property. *See* N.C. Gen. Stat. § 50-20 (2020). When making an equitable distribution determination,

> the trial court is required to follow a three-step analysis: (1) identify the property as either marital, divisible, or separate property after conducting appropriate findings of fact; (2) determine the net value of the marital property as of the date of the separation; and (3) equitably distribute the marital and divisible property.

*Mugno*, 205 N.C. App. at 277, 695 S.E.2d at 498 (citing *Little v. Little*, 74 N.C. App. 12, 16-20, 327 S.E.2d 283, 287-89 (1985)); *see also Turner v. Turner*, 64 N.C. App. 342,

345-46, 307 S.E.2d 407, 408-09 (1983).

¶ 10 In the present appeal, Defendant contends the trial court erred in classifying the Great Lakes loans as marital property because educational degrees are excluded from marital property for the purpose of equitable distribution. While Defendant correctly notes that our legislature excluded educational degrees under the definitions of marital and separate property, the question before this Court is whether the Great Lakes loans are a marital debt.

¶ 11 Notably, N.C. Gen. Stat. § 50-20 does not define "marital debt." N.C. Gen. Stat. § 50-20. However, Section 50-20 defines "marital property" as "property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation. . . . It is presumed that all property acquired after the date of marriage and before the date of separation is marital property." N.C. Gen. Stat. § 50-20(b)(1); *see also Huguelet v. Huguelet*, 113 N.C. App. 533, 536, 439 S.E.2d 208, 210 (1994). Separate property, conversely, is "property acquired by a spouse before marriage or acquired by a spouse by devise, descent, or gift during the course of the marriage." N.C. Gen. Stat. § 50-20(2).

¶ 12 Debt, under North Carolina law, is not treated differently from assets. *Huguelet*, 113 N.C. App. at 536, 439 S.E.2d at 210. Thus, "[a] martial debt . . . is one incurred during the marriage and before the date of separation by either spouse or both spouses for the joint benefit of the parties." *Id.* (citations omitted). "The party

claiming the debt to be marital has the burden of proving the value of the debt on the date of separation and that it was 'incurred during the marriage for the joint benefit of the husband and wife.' " *Miller v. Miller*, 97 N.C. App. 77, 79, 387 S.E.2d 181, 183 (1990) (quoting *Byrd v. Owens*, 86 N.C. App. 418, 424, 358 S.E.2d 102, 106 (1987)); *see also White v. White*, 312 N.C. 770, 776, 324 S.E.2d 829, 832 (1995). Here, the parties do not dispute that the Great Lakes loans were incurred during the marriage and before the date of separation. The only issue before us is whether the loan was "for the joint benefit of the parties." *See Miller*, 97 N.C. App. at 79, 387 S.E.2d at 183.

¶ 13 While our Court has addressed the classification of a spouse's educational degree and its associated student loans, *see Haywood v. Haywood*, 106 N.C. App. 91, 99, 415 S.E.2d 565, 570 (1992) (holding "educational degrees, like professional degrees and business licenses, are personal to their holders . . . and are not property for the purposes of equitable distribution."), *modified*, 332 N.C. 342, 425 S.E.2d 696 (1993); *see also Baldwin v. Baldwin*, No. COA13-874, 232 N.C. App. 521, 2014 WL 636344 (N.C. Ct. App. Feb. 18, 2014) (unpublished) (holding that student loans incurred to further the plaintiff's education were separate property), no North Carolina court has considered student loan debt on these facts.

¶ 14 Other jurisdictions, however, have examined the issue of student loan debts acquired by one of the parties on behalf of adult children. In *McGuire v. McGuire*, 11 Neb. App. 433, 652 N.W.2d 293 (2002), the Nebraskan appellate court held that a

student loan incurred for the couple's adult child "was not incurred to satisfy an obligation of either party" and, thus, separate property. 11 Neb. at 449, 652 N.W.2d at 305. Similarly, in *Palin v. Palin*, 41 A.3d 248 (R.I. 2012), the Rhode Island Supreme Court held that student loans incurred by one spouse for the benefit of the parties' adult daughter was not marital debt. Notably, in both *McGuire* and *Palin*, the spouse arguing that student loans for the benefit of an adult child does not constitute marital property lacked prior knowledge of and did not consent to incurring the loans in question. *McGuire*, 11 Neb. at 448-49, 652 N.W. at 305; *Palin*, 41 A.3d at 257.

¶ 15        Conversely, in *Vergitz v. Vergitz*, 2007-Ohio-1395 (Ohio Ct. App. Mar. 23, 2007) (unpublished), an Ohio appellate court affirmed the classification of student loan debt incurred for an adult child as marital property. 2007-Ohio-1395, ¶ 13-16; *see also Cooper v. Cooper*, 2013-Ohio-4433 (Ohio Ct. App. Oct. 7, 2013) (unpublished). In *Vergitz*, the court noted, "The important point is the loans were debt incurred during the marriage" and "the loan agreement . . . could be treated as any other expenditure that married couples make." *Vergitz*, 2007-Ohio-1395, ¶ 13. In *Cooper*, the Ohio Court of Appeals held that student loan debt incurred during the marriage for the benefit of the parties' adult son was presumed marital. 2013-Ohio-443, ¶ 21. In so doing, the court noted "the mere fact that the debt was in [the] [h]usband's name alone is not enough to establish that the debt was . . . separate debt." *Id.* We find the reasoning

in *Vergitz* and *Cooper* persuasive and adopt it herein.

¶ 16 Here, the parties do not dispute that there was a joint agreement to incur the debt. Nor do the parties dispute that Defendant actively participated in obtaining the loans. The parties' affidavits demonstrate there was a joint benefit, in that their daughter's tuition, books, and living expenses were covered by the loan rather than out-of-pocket expenses. Further, "providing [their] daughter with a formal education was something that [they] both wanted and agreed, to do." Although this is not a tangible benefit in that the Great Lakes loans were not deposited in the parties' account, a tangible benefit is not required under North Carolina law. *Warren v. Warren*, 241 N.C. App. 634, 637, 773 S.E.2d 135, 137-38 (2015) ("Although our Courts have not specifically defined what constitutes a joint benefit in the context of marital debt, this Court has never required that the marital unit actually benefited from the debt incurred."). Accordingly, we hold the trial court did not err in classifying the Great Lakes loans as marital property, where the loans were obtained during the marriage for the parties' adult daughter.

## III. Conclusion

¶ 17 After careful review of the record and applicable law, we affirm the order of the trial court. It is so ordered.

AFFIRMED.

Judges HAMPSON and GORE concur.